on behalf of Rowan Brooks, I would like to reserve two minutes, please. The Representation that Mr. Brooks received during the pendency of his federal habeas case was shockingly egregious and unexcusable. He suffered irreparable harm, and he is simply asking that this Court use its equitable powers to return him to the district court so that he may have the opportunity to litigate his first federal habeas petition on the merits, an opportunity that he lost due to the egregious conduct of a member of our profession. His attorney did not — was not simply negligent. His attorney failed to perform competent legal work. He failed to advise his client of any of the developments in his case. He failed to do anything to protect his client's rights. He failed to perform the most basic task that his client tasked him with doing, which was filing a federal habeas petition on time and without delay. He utterly failed to communicate with his client, failed to engage with him on his issues, his concerns, notwithstanding the heroic efforts that Mr. Brooks made to try to engage his counsel. Not only that, his counsel affirmatively misled him. Sotomayor, what was the basis upon which the trial judge found abandoned and didn't — that found he was not abandoned? Your Honor, the trial court believed that it was simply — it was just simple negligence. That was what the trial court held. I think that that was clearly erroneous. I think any review of the record shows that this was not excusable neglect. This was, quite honestly, reprehensible conduct, which cost this individual who was doing everything that he reasonably should have been doing to preserve his right to federal habeas corpus pro se. He proceeded. He filed his habeas corpus petitions. Then he — when he got to the California Supreme Court, he was so concerned about presenting himself properly, he made the very unfortunate decision of hiring an attorney to take him to the California Supreme Court and file his federal habeas petition. He, at the time that he engaged his attorney, he gave him a draft of his federal habeas petition, and more importantly, he also calculated the deadlines and said, I think this is how — this is how we do it, this is when it needs to be filed by. And his attorney said, no, you don't know what you're doing, you're simply a layperson, I'm the expert here, I know what I'm doing, you need to calm down and butt out, and if you don't, then I'm going to walk away and you're going to be on your own. So he's — when he hires a lawyer, he's going to — if the lawyer is negligent, then that's not going to count for him. You have to have more than negligence. Is that more than negligence of factual finding? Yes, Your Honor. And so what's our test on that? Your test is if this Court believes that it's clearly — that Mr. Mitts clearly performed, beyond the pale, committed egregious misconduct, if it's clear to this Court — Now, wait a minute. Wait a minute. You're making the speech instead of giving me the answer. Yes. It's a factual determination, is it? The issue — with respect to whether there was egregious attorney misconduct. That is — this Court has said is a factual determination. So you have to determine — you have to demonstrate that the factual determination was clearly erroneous. This Court doesn't have to believe anything. All we have to determine is whether you have measured up to your burden, and so that's what you need to prove, correct? Correct, Your Honor. And I believe what I have shown here, I think under no circumstance was this conduct excusable, and I think that it is appropriate for this Court to use its equitable powers in order to rectify that. I don't think the district court could — or anybody, considering the totality of the circumstance, could come to the conclusion that this attorney performed within the bounds of professional conduct. That's not the question. The question is whether he was negligent. Well, Your Honor, simple negligence is not enough. And what I am showing here, that just like in Holland and in Doe and in Gibbs, this is far beyond simple negligence. Are you saying you have demonstrated negligence? Absolutely, there's negligence, but it's far beyond negligence. Negligence in and of itself is not enough. Egregious misconduct is what I believe that this record clearly demonstrates. When we have an attorney who does not apprise his client that there was a — that he even filed a Federal habeas petition, and that petition in and of itself was grossly inadequate, filed the petition 6 months late, notwithstanding he affirmatively stated he knew when the deadline was, then he failed to advise his client that there was an order to show cause, he failed to respond to the order to show cause, he then failed to inform his client that there was a finding and recommendation from the magistrate judge, there was 20 days to object to that. He failed to not only notify his client, he failed to object. He failed to notify his client that the petition had been dismissed. He failed to file a notice of appeal. He did absolutely nothing to protect his client's rights. And that is egregious. That, under no circumstances, that acceptable, and this Court should use its equitable powers to remedy that situation. Counsel, what's your best case to support that? Well, the Supreme Court in Holland, this — as well as this Court in Dobey-Bugsbee, as well as Gibbs v. LeBron. Mr. Brooks acted with tremendous diligence, similar to the individuals in Gibbs and in Doe. He wrote to his attorney and said, as soon as he got the findings and recommendations of the magistrate judge, he wrote to his attorney and said, this is horrible, you need to fix this. And by the way, here I'm going to give you some help even. I'm going to explain there's an equitable exception. I — you are my attorney of record. You have my file. You have my case. You have my money. I'm asking you to fix this problem that you've created. And I think that was eminently reasonable, and this Court has said as much in Doe and in Gibbs. And just like in Gibbs, after approximately two months, after Mr. Brooks wrote to his attorney, he figured out, hey, this guy actually is going to take my money and run, and I'm on my own here, and I better figure out what to do. And that's exactly what he did. He had to research the rules of Federal civil procedure, figure out what Rule 60B was, draft a Rule 60B. He not only drafted that, he drafted a whole other Federal habeas petition, all of this without his file. And he did that within approximately four months of finding out that he was abandoned, which is exactly the facts that line up with Gibbs. And in Doe, the individual took actually three years before he realized his attorney had walked away and wasn't going to fix the mistake. So Mr. Brooks's conduct falls well within what this Court has said is reasonable, and we would ask that this Court use its equitable powers to allow Mr. Brooks to return to district court to litigate his first Federal habeas petition. Did he file a bar complaint against Mitch? He filed — what my understanding is he filed a suit against Mr. Mitch, and I'm not sure what happened with that. I do not believe he filed with the bar, if I'm correct. I don't believe he did. He — basically, what he wanted to do was get his file back, which took some time until the — I believe the fall, long after he filed his petition here. And that's what he got back. And he's been focused on litigating this claim, and that's what he's done. Okay. Thank you. We'll hear from the government. Good morning, Your Honors. David Andrew Eldridge, Deputy Attorney General for Respondent. The — if Mr. Mitch had been correct on the legal question of when to file, none of us would be here, and there would be nothing to talk about in terms of failure to communicate, failure to advise, et cetera. Really, this just boils down to the fact that Mr. Mitch didn't get the law right. He didn't know when to file properly. Well, there's a little more to it than that. Well, no. Even when his client is pressing him to move forward, he's telling him, I know what I'm doing. Granted, it isn't as tough as Holland, but isn't there enough to — when the — we have a situation where the attorney is hired and the client is telling him what he needs to do, and he's telling him, no, I know what I'm doing, and doesn't do it. His client was right and he was wrong. Well, actually — Is that simple? Is that just a simple negligence case? It really is, because if you do not listen to your client and you're correct, no one says you're acting egregiously. It can't be that just because you were wrong and you disagree with your client, you acted egregiously. It is simply the fact that you didn't get the law right. So you think this is a pure negligence case? I see nothing more than pure negligence, and I certainly — I don't see how one can say it would be an abuse of discretion for the district court to find this was no more than pure negligence. And how would you distinguish Holland? Well, Holland didn't itself find that equitable tolling should exist in that case. Rather, they corrected the Eleventh Circuit, as I recall, which had said that it never can be. So I don't believe Holland actually said this will, in fact, be a basis for equitable tolling. Assume we read it as saying that. How do you distinguish it? Well, there was not — this is not a case wherein the — in Holland, there was a complete lack of communication. There was an inability even to know when things were being done. And as soon as the defendant — I'm sorry, when you talk in the passive like that, I have no idea who you're talking about. The petitioner in Holland did not know particular dates. And as soon as he did know a date, he promptly filed something. He could not get — I'm sorry, how — and that's different from here? Well, in this case, we do know there was some contact. For example, in one of the letters cited by Petitioner from Mr. Mitts, he explains that not all of his contact with Petitioner was directly to Petitioner. He was also communicating through Petitioner's wife, Debbie. In fact, one of the complaints that is made is that Mr. Mitts did not tell Petitioner when the California Supreme Court denied the habeas petition, but in fact, in the October 5, 2010 letter from Mitts, that's at excerpt page 102, Mr. Mitts notes, I had already previously informed you of that, well, through Debbie. So it isn't the case that he didn't know the relevant dates. He also knew — Petitioner, in this case, also knew what Mr. Mitts' theory of the law was. So he did indeed have the opportunity, if he wanted, to say, I don't trust you, I'm out. The mere fact that he couldn't convince his attorney to agree to his view of law, and indeed, he was correct, and Mr. Mitts was wrong, doesn't make Mr. Mitts egregious for having his own view of the law. He made a mistake. And the real insurance against an attorney making a mistake is to file it yourself, unless you have a right to counsel, and he doesn't. So this is a problem not of diligence, but agency. He chose to have his petition filed by an attorney, and he is responsible if his attorney is simply negligent. And I'm not saying he wasn't negligent. But the remedy for that is not to say, well, if counsel was negligent, you get to do it over. Rather, it's that you do it yourself, because there is no guarantee against counsel's negligence. Can you tell me whether or not the district judge identified specifically the question before us and made findings of fact? As to whether it was simple negligence, that question? Yes. Yes. The district court specifically states that nothing has been shown more than negligence. The district court order is At the end of the order, at page 19, he says, no basis for a claim of egregious circumstances. But I believe earlier he says it was simple negligence. You're talking about the district court's order? Yes. Not the magistrate's judge's? That is correct. I'm sorry. What page are you looking at? The order is on pages Which page of the order? I'm afraid I didn't focus on it because that was conceded. That he had found negligence. You said there was something on page 19, is that right? Page 19 is the final page saying that at page 18 the court discusses egregious misconduct, and at page 19 it says that has not been shown. I'm sorry. You say 19. ER 19? ER 19. So you are looking at the record of recommendation. Oh, I'm sorry, Your Honor. That is my fault. That is the error I made. Forgive me. If I can have just a moment, please. The court at page ER 5 refers to simple attorney negligence, including a miscalculation You are still under the court of recommendation. This is not the No. This is not the No, this is the order. Oh, this is the order. Yes. ER 5. This is the magistrate's order, is it not? No. Or no? No, this is Judge O'Neill. Okay. I have that order starting on ER 11, the district court's order. That is the order that originally That is the 2011 order that originally dismissed the case as untimely. The order, again, that order is not for this court for appeal. The order denying 6dB relief, that's at ER 1. Okay. And then the district court then declined the issue to issue a certificate of appealability. It did that as well in a later order. This court remanded, I believe, for that. So at page ER 6, the court says, in contrast to Spitzen, in this case, the uncontroverted chronology establishes nothing more than mere simple negligence on the part of Mitz. And that's based primarily on the findings and recommendations of the magistrate judge? No. No, there were no findings and recommendations on the 6dB motion, Your Honor, in 2012. The findings and recommendations were in the 2011 case on the petition. The 6dB motion, which was filed in 2012, was handled apparently entirely by the district judge. Okay. I just didn't understand quite how that chronology was. Now, there was no objection made to the findings and recommendations of the magistrate judge, right? Well, not by Respondent. We had not appeared. We were, we, this case came to our attention only on appeal from the 6dB motion. Was there an objection made to the findings and recommendations of the magistrate judge? I don't believe there, there was a findings and recommendations in 2011. To dismiss the petition is untimely. And I do not believe anyone, I don't believe Mr. Mitz filed a findings and recommendations. I mean, and objections to them. And I'm looking, I'm getting a little difficult at finding out where you are, but there is magistrate judge findings and recommendations that are dated October 19, 2011. Yes. Was Mitz representing them at that time? Yes. Did Mitz make any objection to the findings and recommendations? No. And you say that was simple negligence? Well, actually, I don't think, I don't think that was negligence at all. Rather, what was he to say? The reason he didn't reply to the OSC that originally issued it was because he didn't think he had an argument to make. So what would have been the point in objecting to the FNRs on the grounds that you didn't think you had? Well, if he had an objection, it should have been made then. You waive the objection if you don't make it. It appears he did not have an objection, Your Honor. In his view? In his view, the magistrate judge was correct. Well, so is there some testimony to that effect somewhere where he says the magistrate judge was correct? We have his sworn declaration. When the 60B motion was filed in January, I believe June 2012, the district judge ordered Mr. Mitz to file a declaration. And Mr. Mitz did. He filed one under oath explaining that the reason that after the OSC originally issued on the petition saying that it appears to be untimely, he did further research and realized it was. So he didn't file a response to the OSC. He did not then say, and that's also why I didn't file a response to the fines and recommendations. But I think that's fairly inferrable that he thought it was correct. He still thought it was correct, just as he had when he chose not to respond to the OSC. I don't understand, Mitz. I guess I've only practiced law 15 years, and I've never seen anything like this before, where the person makes this determination and doesn't file anything representing his client, when it was pretty obvious in reading this that there was grounds for him to make it. And my only question is whether this is simple negligence. When you say there were grounds to make it, grounds to make what, Your Honor? Determinations that were made by the magistrate judge. I'm afraid I don't quite understand that, because if you're saying there were grounds to argue that despite the fact it was untimely filed, there were reasons to excuse the untimeliness, I haven't seen, first of all, I don't agree with that, and neither did the district judge, when it resolved the 60B motion. Whatever happened before that, there was no dispute it actually was untimely filed. And there was no apparent dispute that Mr. Mitz thought he had timely filed it and learned he was wrong. So while indeed there are arguments about, for example, actual innocence, which don't seem reasonable to me, and equitable tolling, we don't know what Mitz would have said as to why. We do know what Mitz would have said in terms of his understanding of the law, because we know he thought he was right and he learned later that he was wrong about when to file. The most apparent indication is that he thought he had a year from the date of the habeas denial. It just strikes me there's holes in this case that make me uncomfortable. If we conclude that insufficient examination was done at the trial court level, would we be in a position to remand it for hearings so that there's a more adequate record upon which to make a decision? I don't think so, because I don't think it's the district court's job to make sure you understand that the district court was doing its job. The district court considered the evidence presented. The district court even called for new evidence, called evidence from Mr. Mitz. Whatever inadequacy there is in the record is the problem of the person who had to prevail below. Petitioner didn't provide anything more than he provided. The idea that, well, let's do it over, it's not your function to actually be his lawyer on the 60B motion. He simply didn't make a record that proved his 60B claim for relief. Which, by the way, again, was not simply that the prior court, the court was wrong in 2011. He had to show that he was unable to actually make out his claim before, and he did not show that. Okay, thank you. Thank you, Your Honor. I would draw the Court to what the Supreme Court said in Holland, which is there the attorney missed the deadline, but he also, the attorney was egregious because he, the client sent multiple letters emphasizing the importance of a timely filing, even identifying the applicable legal rules. The attorney did not timely informed of the denial of the State Supreme Court. The attorney failed to communicate with the client over years despite repeated requests. We have all of those facts here and much more. Now, when Mr. Mitz tells the district court, I didn't do anything because I thought that there was nothing to do because it was jurisdictional so that I couldn't be bothered to do anything else, that just belies the fact that he didn't do the research. Because if he had, he would have seen that there was a basis for equitable tolling. The magistrate court told him as much to look at that. At the very least, he would have seen there was a potential conflict of interest and withdrawn. And certainly he should have told his client about the issue. He did none of that. His client even told him about an equitable exception. And he clearly didn't research that because still in 2012 he's saying, I think it's jurisdictional and there's nothing that can be done. If that's simple, excusable neglect, that's a very sad state on our legal profession. What about diligence pursuit by your client? Mr. Brooks, the minute that his estranged wife, and I would note that it's estranged wife, and that he had specifically informed his client not to communicate with her as of August 2011, but when his estranged wife sent him the facts and findings of the magistrate, he immediately wrote to his counsel and said, this is a serious problem, you need to fix this. And the attorney was the attorney of record. He had his money. He had his file. And Mr. Brooks gave him approximately two months, which is exactly what the petitioner did in Gibbs. He then diligently researched how to fix the problem on his own with limited access to the law library, with no access to his file. He figured out that there was a Rule 60B. He figured out what it was, how to draft it. He did that. He turned that around within four months. And additionally, filed his own writ of habeas corpus. So this case is not a close call. This Court should use its equitable powers to give Mr. Brooks back the Federal habeas petition that he has fought so diligently. This is his one chance to have Federal review of the constitutionality of his confinement, and he has done everything that would be reasonable for him to protect and preserve that right. And we ask that this Court give him back that right through its equitable powers. Thank you. You keep using equitable powers. Usually we just reverse people or we affirm them. Is there something more than that here? Rule 60B is equitable, so it's in the interest of justice. So we are seeking relief from the judgment. So you're taking the position the district judge was right, but we want to correct the record? No, Your Honor. I think the district court clearly and obviously erred in saying that this was simple, excusable neglect. And I'm asking that this Court reverse the district court's denial of the Rule 60B motion and allow Mr. Brooks to proceed on the merits with his Federal habeas petition. I was just a little concerned about this Chancellor's foot, equitable powers. It seemed to me we're just determining whether we're going to reverse the district judge. Absolutely. And I think the record is clear, Your Honor. Based on the clearly erroneous determination on the key element here. In other words, you're asking us to find that the finding by the district judge of abandonment was clearly erroneous? That there was egregious misconduct. That it is clear that there was egregious misconduct. And if this Court believes that it's clear and that it's not excusable, then the district court. But this is not de novo. This is a clearly erroneous test. That's what you have to persuade us on. That is correct, Your Honor. Absolutely. And the Supreme Court has said where it is clear, where it's clear to this Court that the neglect here is not just simple neglect. It's egregious. And it's clear to this Court that it's not excusable. Then, yes, Your Honor. We are asking that this Court reverse the Rule 60B. Okay. Thank you. The case is argued with thanks from the Court.
judges: Wallace, Kozinski, O'Scannlain